UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHNNY GREEN,

    Petitioner,

v.                      CAUSE NO.: 3:21-CV-876-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Johnny Green, a prisoner without a lawyer, filed an amended habeas corpus petition under 28 U.S.C. § 2254 challenging a parole revocation determination made by the Indiana Parole Board. The court must conduct a preliminary review of the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

Mr. Green filed two separate motions for leave to proceed in forma pauperis. (ECF 6, 7.) The docket reflects that he has already paid the $5.00 filing fee, (ECF 1.), so his motions will be denied as unnecessary.

Mr. Green's amended petition claims that the Indiana Parole Board violated his due process rights in several ways during a parole revocation hearing held on July 27, 2021. Before considering the merits of a claim contained in a habeas petition, the court must ensure that Mr. Green has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); Hoglund v. Neal, 959 F.3d 819, 832 (7th Cir. 2020). The

exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. Davila v. Davis, 137 S. Ct. 2058, 2064 (2017); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his federal constitutional claim in one complete round of state review. O'Sullivan v. Boerckel, 526 U.S. at 845; Hoglund v. Neal, 959 F.3d at 832-833. This includes seeking discretionary review in the state court of last resort, which in Indiana is the Indiana Supreme Court. *See* O'Sullivan v. Boerckel, 526 U.S. at 848.

The petition shows that Mr. Green hasn't yet presented his claims in one complete round of state review. He says he didn't present his claims to the state courts because, in his words, "you cannot appeal parole revocation hearings." (ECF 5 at 3, 4.) He is correct that there is no direct appeal of a parole revocation determination made by the Indiana Parole Board, but he has other state remedies available. Under Indiana law, individuals may challenge a parole revocation proceeding by filing a post-conviction petition in the trial court. *See* IND. POST-CONVICT. R. 1(1)(a)(5) ("Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . . that his . . . probation, parole or conditional release [was] unlawfully revoked . . . may institute at any time a proceeding under this Rule to secure relief."); Mills v. State, 840 N.E.2d 354, 357 (Ind. Ct. App. 2006) (considering merits of petitioner's claim that his parole was improperly revoked). Depending on the nature of the claim raised, relief may also be available through the state's habeas corpus statute. *See* IND. CODE § 34-2.5.5-1-1; Mills v. State, 840 N.E.2d at 357-358.

An adverse decision by the trial court can be appealed through ordinary procedures applicable to civil judgments. *See* IND. POST-CONVICT. R. 1(7). Because Mr. Green hasn't yet pursued these available remedies, the petition is subject to dismissal under 28 U.S.C. § 2254(b)(1)(A).

Before dismissing a habeas corpus petition because it contains unexhausted claims, the court should consider "whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006). A stay is permitted in only "limited circumstances," because if stays were employed too frequently the purposes of AEDPA would be undermined. Rhines v. Weber, 544 U.S. 269, 277 (2005). A stay "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* A stay is warranted only if the petitioner can establish good cause. *Id.*

A dismissal wouldn't necessarily end Mr. Green's opportunity to seek federal habeas relief. His parole was revoked at a hearing held on July 27, 2021, and the factual basis for his claims arose on that date, triggering the start of the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(D); *see also* Kyles v. Warden, No. 3:20-CV-959-JD-MGG, 2020 WL 8513018, at *2 (N.D. Ind. Dec. 4, 2020) (for petitioner who claimed he was denied a fair parole revocation hearing, factual predicate arose, and one-year federal deadline began running, on the date of the hearing). Less than five

3

months have elapsed on the clock, and the federal deadline will be tolled during the time he has a properly filed collateral attack pending in state court. 28 U.S.C. § 2244(d)(2). If he acts diligently, he should have sufficient time to exhaust his available state court remedies and return to federal court before the deadline.

The court also considers that Mr. Green hasn't expressly asked for a stay, nor has he demonstrated good cause for not presenting his claims to the state courts before seeking federal habeas relief. It appears he was unsure about how to proceed in state court so he decided to go directly to federal0 court. However, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity for the state courts to correct a constitutional violation." Rhines v. Weber, 544 U.S. at 274 (citation omitted). Therefore, the court declines to enter a stay and will instead dismiss the petition without prejudice.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant or deny Mr. Green a certificate of appealability. For a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The court finds no basis to conclude that reasonable jurists would debate the court's procedural ruling, as it is clear from the petition that Mr. Green hasn't yet exhausted his available remedies in state court. The court won't issue a certificate of appealability.

For these reasons, the court:

(1) DENIES as unnecessary the motions to proceed in forma pauperis (ECF 6, 7);

(2) DISMISSES the amended petition (ECF 5) without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(3) DENIES the petitioner a certificate of appealability; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on December 20, 2021

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT

5